FRANK J. MATISOVSKY, JOSEPH J. BRUMBERG AND MAX J. SCHLEIDER, AND NATHAN EILEN, TRADING AS ART FURNITURE COMPANY, PLAINTIFFS, v. FIDELITY PHENIX FIRE INSURANCE COMPANY ET AL., DEFENDANTS.

Argued October 9, 1929—Decided October 18, 1929.

Before Justices PARKER, BLACK and BODINE.

For the plaintiffs, *Joseph T. Lieblich.*

For the defendants, *Arthur T. Vanderbilt.*

PER CURIAM.

Max J. Schleider and Nathan Eilen, trading as the Art Furniture Company, were insured against fire loss in their Clifton warehouse by the defendant companies. On May 13th, 1927, a fire occurred resulting in considerable damage. After the fire a non-waiver agreement was entered into between the assured and the companies, whereby the damages were fixed at $9,000 and the total value of the insured property was set at $15,000.

The agreement provides that it shall not be or claimed to be an admission of liability on the part of the companies, and that the ascertainment of the loss was without prejudice to any defenses and subject to all and singular the terms and the conditions of the policies upon which the claim was made.

On May 25th, 1927, the insured assigned to Frank J. Matisovsky, trustee, $2,000 of the money due under the policies, and on June 1st, 1927, a further assignment was made of the

remaining moneys to Joseph J. Brumberg. The insured and the assignees brought the present action, which resulted in a verdict in favor of the defendants.

Seven reasons are assigned for setting aside the verdict. The first four are to the effect that the verdict was contrary to the evidence, and that the defendants had not offered any proof to establish their defense. In the proof of loss, the insured stated that the cause of the fire was unknown. Under the terms of the policies a materially false statement by the insured touching upon any matter relating to the subject-matter, whether before or after the loss voided the policies. Seven tire covers filled with gasoline and paper bags filled with excelsior and gasoline were found by the firemen scattered over the premises. The Clifton fire chief filed a complaint against the insured and they were indicted by the grand jury. After the complaint was filed, the chief was told by the insured that if the papers retracted the published story of the fire he or his wife could have anything they wanted in the store. The insured were in financial straits before the fire and after the fire they went into bankruptcy.

It seems to us that there was ample proof to justify the verdict of the jury.

The last three reasons challenge the verdict because it was the result of feeling, bias or prejudice. The cross-examination of the assignee, Joseph J. Brumberg, as to his acquaintance with the suspicious circumstances before he took his assignment seems pertinent and not prejudicial. The examination was not to prove the fact but to prove the assignee's state of mind at the time he advanced money for the assignment.

The charge of the learned trial judge was a clear and impartial submission of the issues in the case. We believe that the facts and circumstances proved are ample to sustain the verdict and that the same was not the result of feeling, bias or prejudice.

The rule will be discharged.